NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

WARREN WOODWARD,
*Plaintiff/Appellant*,

*v.*

ARIZONA CORPORATION COMMISSION,
*Defendant/Appellee*.

No. 1 CA-CV 18-0297
FILED 2-12-2019

Appeal from the Superior Court in Yavapai County
No. V1300CV201680047
The Honorable Christopher L. Kottke, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Warren Woodward, Sedona
*Plaintiff/Appellant*

Arizona Corporation Commission, Phoenix
By Andy M. Kvesic, Maureen A. Scott, P. Robyn Poole
*Counsel for Defendant/Appellee*

---

**MEMORANDUM DECISION**

Chief Judge Samuel A. Thumma delivered the decision of the Court, in which Presiding Judge David D. Weinzweig and Judge James P. Beene joined.

---

**T H U M M A**, Chief Judge:

**¶1**		Warren Woodward appeals from a final judgment rejecting his claim that the Arizona Corporation Commission (ACC) failed to properly comply with his public records request. Because Woodward has shown no reversible error, the judgment is affirmed.

## FACTS AND PROCEDURAL HISTORY

**¶2**		This is the second appeal in which Woodward challenges the ACC's responses to his public records request. Woodward first challenged the superior court's dismissal of his complaint to compel the ACC to produce documents in response to his request. *Woodward v. Ariz. Corp. Comm'n*, 1 CA-CV 16-0695, 2017 WL 4365978, at *1 ¶ 1 (Ariz. App. Oct. 3, 2017) (mem. dec.). On appeal, this Court remanded so the superior court could consider whether the ACC had adequately searched for responsive documents and made a good faith effort to comply with the request. *Id.* at *3 ¶¶ 13-14. Additional details and background are more fully discussed in that decision.

**¶3**		On remand, without apparent objection, the parties briefed "whether [the ACC] has fully complied with [Woodward's] request by adequately searching for records through a search procedure reasonably calculated to uncover the relevant documents." The ACC provided an affidavit, under oath and based on personal knowledge, from a paralegal who described the process used to respond to the request. After reviewing the arguments and affidavit, the court concluded the ACC had "satisfied the search and production requirement consistent with Arizona law;" had "acted in good faith, notwithstanding the inadvertent non-production of certain documents, later discovered;" and had discharged its obligations to conduct "an adequate search, reasonably calculated to uncover relevant documents" requested. The court also declined to sanction the ACC because its "error in initial non-disclosure was unintentional."

**¶4**    After entry of final judgment, *see* Ariz. R. Civ. P. 54(c) (2019),[1] Woodward timely appealed, and this court has jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes (A.R.S.) sections 12-120.21(A)(1) and -2101(A)(1).

## DISCUSSION

**¶5**    Woodward's sole claim on appeal is that the superior court's "ruling is arbitrary because it relies on the deficient affidavit" of the paralegal describing the search. Woodward does not challenge the foundation or admissibility of the affidavit or the summary to which it was attached, but instead asserts: (1) it did not explain how responsive documents were missing but later discovered; (2) because it "did not allege inadvertence," the court could not find inadvertence and (3) Woodward received documents on dates that differed from those in the affidavit.

**¶6**    As applicable here, Arizona's public records laws are set forth in A.R.S. §§ 39-121 to -128. A responding agency bears "the burden of establishing that it adequately searched for" the records requested. *Phx. New Times, L.L.C. v. Arpaio*, 217 Ariz. 533, 539 ¶ 16 (App. 2008). "In discharging this burden, the agency may rely on affidavits or declarations that provide reasonable detail of the scope of the search." *Id.* (citation omitted). This court reviews de novo whether the ACC wrongfully denied Woodward access to requested public records, *see id.* at 538 ¶ 11, but gives deference to findings unless clearly erroneous, *Hodai v. City of Tucson*, 239 Ariz. 34, 39 ¶ 8 (App. 2016).

**¶7**    Woodward first argues the affidavit is insufficient because it does "not explain how public records responsive to Woodward's requests were missing" but then later discovered. The ACC, however, was not required to show that its search "was adequate to locate all responsive records." *Id.* at 44 ¶ 32. Instead, "the agency has the burden of establishing that it adequately searched for" responsive documents, *Phx. New Times*, 217 Ariz. at 539 ¶ 16, and "its search was reasonably calculated to uncover all relevant documents," *Hodai*, 239 Ariz. at 44 ¶ 32 (citation omitted). Accordingly, "the failure of an agency to turn up one specific document in its search does not alone render a search inadequate." *Id.* at 45 ¶ 34 (citation omitted).

---

[1] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

¶8            Based on the detailed affidavit and related filings, the superior court reasonably could conclude the ACC met its burden to show the search was adequate and "reasonably calculated to uncover all relevant documents." The affidavit shows the paralegal had worked at the ACC since 2006; was "familiar with Arizona public records law;" "had assisted the Commission in responding to over 60 prior public records requests;" and "[a]s part of [her] official duties . . . conducted the electronic searches and production of documents related to" Woodward's request. The affidavit further describes the ACC's prompt efforts to comply. The ACC sent several agency-wide e-mail requests for responsive documents and began gathering and processing those documents within two days after receipt. The paralegal also used e-mail and file archiving software to conduct an electronic search of all ACC employees' e-mails. The affidavit includes the search terms and date ranges used and describes the work of others to respond to the request.

¶9            The ACC's filing explained how it failed to produce the allegedly missing documents. The ACC's summary cites to the record for support and addresses each disputed document response in turn. Nothing more was required. *See Hodai*, 239 Ariz. at 44 ¶ 32; *Phx. New Times*, 217 Ariz. at 539 ¶ 16.

¶10          Woodward next argues the affidavit is deficient because it fails to "allege inadvertence," meaning the superior court's finding of "inadvertent non-production" was "an impossibility." Woodward's argument ignores that the ACC repeatedly argued inadvertence in its filing, consistently citing the record for factual support. Moreover, neither party requested the superior court make findings of fact and conclusions of law, *see* Ariz. R. Civ. P. 52(a), meaning this court presumes the superior court "found every fact necessary to support" its ruling, *Berryhill v. Moore*, 180 Ariz. 77, 82 (App. 1994).

¶11          Arguing this "case is similar to *Phoenix New Times*," Woodward argues the ACC's "inattentive" conduct should likewise be condemned. 217 Ariz. at 541 ¶ 27 ("If public entities could be excused from providing public records merely by being inattentive to requests, then access to the records would be easily frustrated."). But *Phoenix New Times* assessed the timeliness of an agency's response to a public records request, which is not challenged here.

¶12 Finally, Woodward argues the dates he received certain documents "are at odds with" the dates the affidavit indicates the documents were sent to him, a "discrepancy" he claims "is not accounted for" in the affidavit. Specifically, Woodward points out that the affidavit fails to acknowledge that he received some documents after he filed the statutory special action in March 2016. But the ACC told the superior court how and why it initially failed to send, but later did send, certain documents. Woodward also has failed to show how any such "discrepancy" resulted in error by the superior court. Stated differently, Woodward has failed to show that the court erred in relying on the filings made to conclude the ACC conducted "an adequate search, reasonably calculated to uncover relevant documents of the request."

**CONCLUSION**

¶13 Because Woodward has shown no reversible error, the judgment is affirmed.



AMY M. WOOD • Clerk of the Court
FILED: AA